FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEKYHNA C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:19-CV-228-FVS <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 10, 14. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Dana C. Madsen. The Defendant is represented by Special Assistant United States Attorney Jacob P. Phillips. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 14, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 10.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Plaintiff Mekyhna C.[1] filed for Disability Insurance Benefits (DIB) and Supplement Security Income (SSI) on January 8, 2017, Tr. 83, 103, alleging an onset date of May 15, 2015, Tr. 215, 222, due to posttraumatic stress disorder (PTSD), bipolar disorder, attention deficit hyperactivity disorder (ADHD), clinical depression, anxiety, borderline personality disorder, masochistic personality disorder, borderline narcissism, sacroiliitis, and polycystic ovarian syndrome, Tr. 247. Benefits were denied initially, Tr. 138-41, and upon reconsideration, Tr. 144-49. A hearing before administrative law judge Jesse Shumway ("ALJ") was conducted on June 15, 2018. Tr. 35-64. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of psychological expert Colette Valette, Ph.D. and vocational expert Jeff Tiddlefitz *Id*. The ALJ denied benefits on August 20, 2018. Tr. 15-27. The Appeals Council denied review on May 8, 2019. Tr. 1-5. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

/ / /

/ / /

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 28 years old at the alleged onset date. Tr. 215. She completed her GED and has specialized training as a certified nursing assistant (CNA) and in welding and metal fabrication. Tr. 248. Plaintiff has worked as a CNA and laborer at a boat trailer assembly business. Tr. 249. At application, she stated that she stopped working on May 28, 2015, due to her conditions and other reasons:

> I have serious issues adhering to schedules with all of my mental conditions. There are many moments I "expect" to be able to do as I please. Other moments I would go to work, follow orders, even show signs of initiative/managerial skills. Most times I couldn't get out of bed because of fear/anxiety/depression. In addition, my right forearm got caught in a drill press at work on 5/15/2015 causing a severe contusion. That accident has left my arm weak and painful. L&I has not released me back to work.

Tr. 248.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  (quotation and citation omitted).  Stated differently, substantial evidence equates to

2  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

3  citation omitted).  In determining whether the standard has been satisfied, a

4  reviewing court must consider the entire record as a whole rather than searching

5  for supporting evidence in isolation. *Id.*

6  In reviewing a denial of benefits, a district court may not substitute its

7  judgment for that of the Commissioner.  "The court will uphold the ALJ's

8  conclusion when the evidence is susceptible to more than one rational

9  interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

10 Further, a district court will not reverse an ALJ's decision on account of an error

11 that is harmless. *Id*.  An error is harmless where it is "inconsequential to the

12 [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).

13 The party appealing the ALJ's decision generally bears the burden of establishing

14 that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

16 A claimant must satisfy two conditions to be considered "disabled" within

17 the meaning of the Social Security Act.  First, the claimant must be "unable to

18 engage in any substantial gainful activity by reason of any medically determinable

19 physical or mental impairment which can be expected to result in death or which

20 has lasted or can be expected to last for a continuous period of not less than twelve

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416,920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold,

however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 15, 2015, the alleged onset date. Tr. 17. At step two,

the ALJ found that Plaintiff has the following severe impairments: bipolar I disorder; PTSD; ADHD; lumbar degenerative disc disease; and obesity. Tr. 17.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of a listed impairment. Tr. 18. The ALJ then found that Plaintiff had the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c), 416937(c) except:

> she can only frequently climb stairs and ramps, balance, stoop, kneel, and crouch; she can only occasionally crawl and climb ropes, ladders, or scaffolds; she can frequently handle with her right upper extremity; she cannot have concentrated exposure to hazards (e.g., unprotected heights, moving mechanical parts); she needs a routine predictable work environment with no more than occasional changes and with simple decision-making; she can have no contact with the public and only occasional superficial contact with coworkers and supervisors; she would be off task 5-10% of the workday.

Tr. 19-20.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as trailer assembler I. Tr. 25. As an alternative to denying Plaintiff's benefits at step four, the ALJ found that at step five, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: janitor, electronic worker, and small products assembler. Tr. 27. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from May 15, 2015, the alleged onset date, through the date of his decision. Tr. 27.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II of the Social Security Act and SSI under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom statements; and
2. Whether the ALJ properly considered the medical opinion evidence.

**DISCUSSION**

**1.    Plaintiff's Symptom Statements**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Id*. (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

1  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

2  citations and quotations omitted). "General findings are insufficient; rather, the

3  ALJ must identify what testimony is not credible and what evidence undermines

4  the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

5  Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

6  must make a credibility determination with findings sufficiently specific to permit

7  the court to conclude that the ALJ did not arbitrarily discredit claimant's

8  testimony."). "The clear and convincing [evidence] standard is the most

9  demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

10 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

11 924 (9th Cir. 2002)).

12    Here, the ALJ found Plaintiff's medically determinable impairments could

13 reasonably be expected to cause some of the alleged symptoms; however,

14 Plaintiff's "statements concerning the intensity, persistence and limiting effects of

15 these symptoms are not entirely consistent with the medical evidence and other

16 evidence in the record" for several reasons. Tr. 21. The ALJ provided four

17 reasons in support of his determination: (1) Plaintiff's allegations are inconsistent

18 with the objective medical evidence; (2) Plaintiff's course of treatment undermines

19 her claims of significant psychological dysfunction; (3) Plaintiff fabricated a

20 diagnosis of multiple sclerosis when she wanted to allege physical limitations; and

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

(4) Plaintiff's daily activities are not as limited to the extent one would expect given her complaints.

In her opening brief, Plaintiff only challenges the ALJ's fourth reason for rejecting her symptom statements. ECF No. 10 at 14-15. By failing to challenge the ALJ's remaining three reasons, Plaintiff has waived any challenge to these reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2] Moreover, the Ninth Circuit repeatedly has admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider

---

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing regarding the ALJ's fourth reason for rejecting her symptom statements, the court declines to consider this issue.

Even if Plaintiff succeeded in convincing the Court that the ALJ erred in his fourth reason for rejecting her symptom statements, this would be insufficient to establish that the ALJ's error was harmful. *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r. of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination"). Therefore, the Court will not disturb the ALJ's treatment of Plaintiff's symptom statements.

**2.    Medical Opinions**

Plaintiff argues that the ALJ failed to properly weigh the medical opinions from Kirsten Nestler, M.D., Kayleen Islam-Zwart, Ph.D., Christopher Korsgaard, M.S., F.N.P, and the non-examining medical experts. ECF No. 10 at 15-19.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

1 Conversely, "[i]f a treating or examining doctor's opinion is contradicted by

2 another doctor's opinion, an ALJ may only reject it by providing specific and

3 legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*,

4 81 F.3d at 830-31).

5       A.     Kirsten Nestler, M.D.

6       On May 21, 2017, Dr. Nestler completed a consultative examination of

7 Plaintiff. Tr. 560-64. Dr. Nestler diagnosed Plaintiff with unspecified personality

8 disorder, unspecified psychotic disorder, rule out bipolar disorder, PTSD by

9 history, unspecified anxiety disorder, and ADHD. Tr. 563. Dr. Nestler found

10 Plaintiff would have difficulty interacting with coworkers and the public, difficulty

11 maintaining regular attendance in the workplace, and difficulty dealing with the

12 usual stress encountered in the workplace. Tr. 564. Otherwise, Dr. Nestler opined

13 Plaintiff would not have difficulty in the remaining functional abilities she

14 addressed. *Id*.

15       The ALJ gave Dr. Nestler's opinion some weight, finding that it was

16 internally inconsistent and finding that matters such as the abilities to maintain

17 attendance and complete a normal workweek were not susceptible to assessment in

18 a one-time exam. Tr. 23-24. Plaintiff failed to challenge the reasons the ALJ

19 provided for only assigning the opinion some weight. Plaintiff discussed the ALJ's

20 finding that Dr. Nestler's examination included some normal findings. ECF No.

21 10 at 17-18 *citing* Tr. 19. However, the ALJ's discussion of Dr. Nestler's normal

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

findings were not applicable to the weight the ALJ assigned to the opinion several pages later. Tr. 23-24. Because Plaintiff failed to challenge the ALJ's treatment of Dr. Nestler's opinion, the Court will not consider this issue further. *See Carmickle*, 533 F.3d at 1161 n.2.

**B.    Kayleen Islam-Zwart, Ph.D.**

On February 28, 2017, Dr. Islam-Zwart completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 630-38. She diagnosed Plaintiff with PTSD, bipolar I disorder, attention deficit disorder, and unspecified personality disorder. Tr. 631. She opined that Plaintiff had a marked limitation in the abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to adapt to changes in a routine work setting, and to complete a normal work day and work week without interruptions from psychologically based symptoms. *Id*. She further opined that Plaintiff had a moderate limitation in six additional basic work activities. *Id*. The ALJ gave Dr. Islam-Zwart's opinion little weight with the following explanation:

> [I]t was based on a cursory exam with no significant testing, and what little objective findings were made were largely normal. Moreover, it was completed on a checkbox form with little explanation for her conclusions. Matters like the ability to maintain attendance and complete a normal work day/week are not susceptible to assessment in a one-time exam.

Tr. 24.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1           The ALJ's first reason for rejecting Dr. Islam-Zwart's opinion, that it was

2    based on a cursory exam with no significant testing, is not supported by substantial

3    evidence.  Dr. Islam-Zwart completed a clinical interview, a Mini-Mental Status

4    Exam, Trails Making Test, and the Fifteen Item Memory Test.  Tr. 637.  Therefore,

5    the ALJ's finding that Dr. Islam-Zwart's opinion was not based on any significant

6    testing is not supported by substantial evidence.

7           The ALJ's second reason for rejecting Dr. Islam-Zwart's opinion, that the

8    little objective findings made in her evaluation were largely normal, is specific and

9    legitimate.  Inconsistency with the majority of objective evidence is a specific and

10   legitimate reason for rejecting physician's opinions.  *Batson*, 359 F.3d at 1195; *see*

11   *also Lester*, 81 F.3d at 831 (The ALJ may give weight to consulting opinions "only

12   insofar as they are supported by evidence in the case record.").  Plaintiff's testing

13   revealed normal results.  Tr. 637.  Dr. Islam-Zwart performed the Mini-Mental

14   Status Exam and stated that Plaintiff "exhibited mental control within normal

15   limits."  *Id*.  On the Trails Making Test, Plaintiff's scores fell within normal limits.

16   *Id*.  On the Fifteen Item Memory Test, Plaintiff recalled 15 out of the 15 items.  *Id*.

17   Therefore, the ALJ is accurate in finding that Plaintiff's testing showed normal

18   results.

19          The ALJ's third reason for rejecting Dr. Islam-Zwart's opinion, that it was

20   on a check-box form, is specific and legitimate.  The Ninth Circuit has stated a

21   preference for individualized medical opinions over check-box reports.  *See*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

*Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records, should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013. Here, Dr. Islam-Zwart's evaluation is included with the check-box form, but this evaluation demonstrated normal results on testing and little explanation for the severity of limitations opinions. Tr. 637. Therefore, this meets the specific and legitimate standard.

        C.        **Christopher Korsgaard, M.S., F.N.P**

Plaintiff was treated by Mr. Korsgaard beginning in May of 2017 for her mental health impairments, and his treatment reports are in the record. Tr. 565-620. Plaintiff argues that the ALJ erred by not giving these treatment records great weight. ECF No. 10 at 19.

The ALJ is required to evaluate and weigh every medical opinion in the record. 20 C.F.R. §§ 404.1527(b)-(c), 416.927(b)-(c). A medical opinion is defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1).

Mr. Korsgaard's treatment notes are not medical opinions as defined in 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). Therefore, the ALJ was not required to weigh them or provide reasons for not adopting his opinions.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

### D.   Non-examining Medical Experts

Plaintiff argues that ALJ erred by crediting the opinions of non-examining, non-treating doctors.  ECF No. 10 at 19.  The non-examining, non-treating doctor Plaintiff specifically discusses in her briefing is Colette Vallette, Ph.D.  *Id*. at 17.

Dr. Vallette testified at the June 15, 2018 hearing.  Tr. 40-47.  She opined that Plaintiff had bipolar disorder and ADHD.  Tr. 40.  She provided an opinion regarding the B Criteria addressed in steps two and three.  Tr. 41-42.  She did not provide an opinion regarding Plaintiff's RFC, but did state that she relied on Dr. Nestler's and Dr. Islam-Zwart's normal test results.  Tr. 45.  In regard to Dr. Nestler's opinion, she stated "it seems like Dr. Nestler took - - put too much weight on what the claimant said and doesn't put a lot of weight on what is actually observed, because her mental status is normal."  *Id*.  In regard to Dr. Islam-Zwart's opinion, she stated that Dr. Islam-Zwart's finding is "totally inconsistent with a normal mental status," but the portion that Dr. Islam-Zwart's opinion that Dr. Valette is discussing is inaudible in the transcript.  *Id*.  The ALJ stated that he found "her testimony persuasive," and gave it "great weight."  Tr. 23.

Here, Plaintiff has not succeeded in successfully challenging the ALJ's treatment of the opinions of the examining doctors, Dr. Nestler, Dr. Islam-Zwart, and Mr. Korsgaard.  Therefore, the Court will not disturb the ALJ's treatment of Dr. Valette's testimony.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, Plaintiff failed to adequately challenge the ALJ's treatment of her symptom statements and the ALJ did not err in his treatment of the opinions. After review, the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** August 14, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge